UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO A. OSEJO, | No.  2:25-cv-0070 AC P |
| Plaintiff, | |
| v. | ORDER |
| BARAJAS, et al., | |
| Defendants. | |

Plaintiff, a state inmate proceeding without counsel, has filed a second motion for an extension of time to file a First Amended Complaint ("FAC").  ECF No. 16.  Petitioner has also filed a notice informing the court that he started a hunger strike on March 16, 2026, because his legal property has not been returned and because he is going to be transferred to another facility in thirty to forty days.  ECF No. 17.  Petitioner attached a copy of his Hunger Strike Chrono.  Id. at 3-5.

Plaintiff's first motion for an extension of time argued that an extension of 60-120 days was necessary because petitioner was going to be transferred soon and he did not know if he would have access to his legal property. ECF No. 14.  On November 18, 2026, the court granted plaintiff an extension until March 23, 2026.  ECF No. 15.  The order stated "[n]o further extensions will be granted absent extraordinary circumstances."  Id.

The present motion seeks a 60-day extension of time to file an amended petition.  ECF

1

No. 16.  Plaintiff asserts this extension is necessary because on January 22, 2026, he was placed in the Restrictive Housing Unit ("RHU") based on fabricated charges.  Id. at 3-4.  Since then, he has not had access to his legal property, including this court's guidance to prepare and file an FAC, and has been denied access to the law library.  Id. at 3-4.

The withholding of plaintiff's legal property, such as his prior complaint and/or the court's prior order, presents extraordinary circumstances warranting an extension of time to prepare and file a FAC.  Plaintiff cannot be expected to prepare an amended complaint and address the defects discussed in the screening order without a copy of each.  Accordingly, to avoid further delay, and as a one-time courtesy, the court will direct the clerk of the court to send plaintiff a copy of the original complaint and the screening order.

However, to the extent plaintiff believes he needs an extension of time because he requires additional documents and access to the law library in order to prepare an amended complaint, the court disagrees.  Attachments to the complaint are not required.  In fact, they are discouraged.  It is not the court's duty to look through attached exhibits to determine whether they contain additional facts that would support a cognizable claim.  Similarly, research is not necessary to tell the court what each defendant did or did not do to violate plaintiff's federal rights.  Plaintiff knows that information from personal experience and should be able to put it down on paper.  Plaintiff is informed that he is not expected to cite legal authority to state a claim.  Instead, he only needs to state the facts of what each defendant did or did not do that he believes violated his federal rights.  In screening the complaint, the court will look at the factual allegations contained in the amended complaint, and only those allegations, to determine whether plaintiff has stated any cognizable claims for relief.

Additionally, to the extent petitioner believes he needs additional documents to identify the names of the specific defendants, he is informed that at the initial pleading stage he can refer to them as Doe defendants (Doe #1, Doe #2, Doe #3, etc.).  To ensure no further delay, the court will order the clerk of the court to provide petitioner with a copy of the original complaint, this court's screening order, and a blank copy of a prisoner's complaint for this district.

////

2

For the reasons stated above, the motion for an extension of time (ECF No. 16) is GRANTED in part. Plaintiff has until May 5, 2026, to file a FAC.  No further extensions will be granted.  Failure to file an FAC within that timeframe will result in a recommendation that this case be dismissed.

DATED: April 2, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3